UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN REINSURANCE COMPANY, et al., <br> Plaintiffs, <br> v. <br> AMERICAN INTERNATIONAL GROUP, and TRENWICK AMERICA REINSURANCE CORPORATION, <br> Defendants. | CIVIL ACTION NO: <br> 05cv11840 MLW |

### DEFENDANT AIG'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

Pursuant to the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "New York Convention") and Section 3 of the Federal Arbitration Act, 9 U.S.C. §3 (the "FAA"), the relevant member and associated companies of defendant American International Group, Inc. ("AIG") move that the Court enter an Order staying this action pending the completion of two arbitrations that have been commenced by AIG against American Reinsurance Company ("American Re") and the other participants in a reinsurance pool facility who have joined as plaintiffs in this (the "Pool Members").

As grounds for this motion, AIG states that AIG and the Pool Members are parties to certain reinsurance agreements that contain a mandatory arbitration provision. The dispute that is the subject of this action is within the scope of the arbitration provision. Indeed, AIG and the Pool Members are actively arbitrating their dispute and there is no basis for the Pool Members to have commenced this separate action. Accordingly, this Court is required by the New York Convention and the FAA to stay the action in favor of the pending arbitrations. In the

962272v1

alternative, the Court should exercise its inherent authority to do so since the arbitrations are proceeding.

In further support of this Motion, AIG relies upon its accompanying Memorandum of Law and the supporting Affidavit of Eric S. Kobrick submitted herewith and states as follows:

1. This dispute arises out of certain reinsurance pooling arrangements that were managed by an entity known as LDG Re and its affiliates located in Wakefield, Massachusetts. AIG ceded or transferred certain reinsurance risks to the LDG Re pools by means of a fronting company arrangement with defendant Trenwick America Reinsurance Corporation ("Trenwick"). In connection with these reinsurance arrangements, various agreements were entered into between Trenwick and the Pool Members (the "Retrocessional Agreements").

2. In June 2004, AIG and Trenwick entered into a settlement of various matters relating to the reinsurance that had been ceded to the LDG Re pools. Under the terms of the settlement, Trenwick assigned to AIG all of its rights, title and interest to the claims arising from the risks that Trenwick had ceded to the LDG Re pools, as well as its rights under the Retrocessional Agreements that had been entered into between Trenwick and the Pool Members. AIG thereafter made demand upon the Pool Members to contribute their respective shares of the settlement; AIG's demands were refused by the Pool Members.

3. Each of the Retrocessional Agreements between Trenwick and the Pool Members that were assigned by Trenwick to AIG contains an arbitration clause which states, in relevant part:

> As a condition precedent to any right of action hereunder, any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Agreement or any part hereof, whether arising before or after termination of this Agreement, shall be referred to a Board of Arbitration consisting of two Arbitrators and an Umpire, all of whom shall be active or retired executive officers of insurance or reinsurance companies being experienced in the class of business under consideration

having no direct or indirect financial interest in either party or its affiliates.

Each of the Retrocessional Agreements further states that "the Board shall interpret this Agreement as an honorable engagement rather than as a legal obligation and shall make its award with a view to effecting the general purpose and intent of this Agreement in a reasonable manner, rather than in accordance with the literal interpretation of this Agreement."

4. Pursuant to the terms of the arbitration clause contained in the Retrocessional Agreements quoted above, AIG commenced an arbitration against the Pool Members in January 2005.[1] AIG and the Pool Members have named their arbitrators; an umpire has been appointed; an Organizational Meeting has been held; the parties have presented their positions with respect to the issues to be arbitrated; and a schedule for discovery and hearing has been set. Nevertheless, in July 2005 the Pool Members commenced this action relating to the same matters that are the subject of the arbitrations.[2]

5. As demonstrated in the supporting Memorandum of Law filed herewith, the Court is required to stay this action in favor of the pending arbitrations because (1) a valid agreement to arbitrate exists; (2) AIG is entitled to invoke the arbitration clause; (3) the Pool Members are bound by the clause; and (4) the claims asserted by the Pool Members in this action are within the scope of the arbitration clause. 9 U.S.C. §3; *Intergen, N.V. v. Grina, et al.*, 344 F.3d 134, 142 (1st Cir. 2003). The Supreme Court has consistently held that there is a strong federal policy requiring that arbitration clauses be enforced. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Municipality of San Juan v. Corporacion Para El*

---

[1] A separate arbitration was commenced against one of the Pool Members in March 2005 due to its refusal to waive a conflict issue relating to AIG's counsel.

[2] Pursuant to the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, and its implementing statute, 9 U.S.C. §205, all defendants removed the state court action to this Court on September 9, 2005.

*Fomento Economico De La Ciudad Capital,* 415 F.3d 145, 2005 U.S. App. LEXIS 14218, *9 (1st Cir. 2005).

6. Here, the broad arbitration clause contained in the Retrocessional Agreements clearly encompasses the claims that have been alleged by the Pool Members in their Complaint. The fact that the Pool Members have labeled their claims against AIG as sounding in tort or under the provisions of G.L. c. 93A, §11 is irrelevant. At their heart, the claims alleged by the Pool Members require the Court to have "reference to the interpretation, application or effect of the [Retrocessional] Agreement[s]" which created the relationships among the parties and out of which the claims arise. Accordingly, this Court is duty bound under the FAA to enforce the arbitration clause and stay this action pending the completion of the arbitrations.[3]

### REQUEST FOR HEARING

Pursuant to Local District Court Rule 7.1(D), AIG requests that the Court schedule a hearing with respect to the instant motion as oral argument will be of assistance to the Court in resolving this matter.

AMERICAN INTERNATIONAL
GROUP, INC.

By its attorneys,

_____
Michel F. Aylward BBO #624850
John T. Harding BBO #221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7558
(617) 342-4888 (facsimile)

---

[3] In the alternative, the Court should exercise its discretion to stay this action under its inherent authority to control its docket, avoid duplication, promote judicial economy, avoid confusion and eliminate possibly inconsistent results. *See Moses H. Cone,* 460 U.S. at 21; *D.J. Mfg. Corp. v. Tex Shield, Inc.,* 998 F. Supp. 140, 145-46 (D.P.R. 1998); *Meadows Indemnity Co. v. Baccala & Shoop Insurance Services, Inc.,* 760 F. Supp. 1036, 1045 (E.D.N.Y. 1991).

4

962272v1

Of Counsel:
William A. Maher
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
(212) 382-0050 (facsimile)

Dated: September 9, 2005

## CERTIFICATE OF SERVICE

I, John T. Harding, counsel for Defendant American International Group, hereby certify that on September 9, 2005, I served a copy of the foregoing document by messenger or federal express on all known counsel of record.

_____
John T. Harding

962272v1