UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN REINSURANCE COMPANY, et al., | ) ) ) |  |
| Plaintiffs, | ) ) | CIVIL ACTION NO: |
| v. | ) ) ) |  |
| AMERICAN INTERNATIONAL GROUP, and TRENWICK AMERICA REINSURANCE CORPORATION, Defendants. | ) ) ) ) |  |

## DEFENDANT AIG'S MOTION TO IMPOUND MATERIALS

Pursuant to Local District Court Rule 7.2, the relevant member and associated companies of defendant American International Group, Inc. ("AIG") move that the Court enter an order permitting the following documents to be filed and maintained under seal until further Order of the Court:

> 1.  Defendant AIG's Memorandum in Support of Motion to Stay Proceedings Pending Arbitration; and
>
> 2.  Affidavit of Eric S. Kobrick in Support of AIG's Motion to Stay Proceedings Pending Arbitration (including all exhibits thereto).

As grounds for this motion, AIG states that there is "good cause" for the above-referenced materials to be filed under seal and not to be disclosed to any persons or entities that are not parties to this action because they contain documents and other information relating to confidential arbitration proceedings that are currently pending between AIG and the Plaintiffs in this case. While these documents are relevant and necessary for the Court to consider in ruling upon AIG's Motion to Stay Proceedings filed herewith, there is no reason for these materials to

be in the public record as doing so would be inconsistent with the confidential nature of the arbitration proceedings. In further support of this motion, AIG would respectfully show as follows:

1.    This is a reinsurance dispute between AIG and Plaintiffs American Reinsurance Company ("American Re") and the other participants in a reinsurance pool facility (collectively, the "Pool Members").

2.    This action was commenced by the Pool Members against AIG and defendant Trenwick America Reinsurance Corporation ("Trenwick") on or about July 6, 2005 in the Superior Court of Massachusetts, Suffolk County, Business Litigation Session. Pursuant to the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "New York Convention") and the federal statute implementing the New York Convention, 9 U.S.C. §205, on September 9, 2005 AIG and Trenwick removed the state court action commenced by the Pool Members to this Court.

3.    At the same time, AIG filed its Motion to Stay Proceedings Pending Arbitration, requesting that the Court enter an Order pursuant to the provisions of the New York Convention and the Federal Arbitration Act, 9 U.S.C. §3 (the "FAA"). AIG's motion seeks a stay of this litigation pending the completion of arbitrations previously commenced by AIG against the Pool Members relating to the same issues that are the subject of this case. AIG's position is that the claims alleged by the Pool Members here are within the scope of an arbitration clause contained in the reinsurance agreements that govern the parties' relationship. AIG and the Pool Members are actively arbitrating their dispute. Accordingly, there is no basis for the Pool Members to maintain this separate lawsuit and the Court is required to exercise its duty under the FAA to stay the case pending the completion of the arbitrations.

4.     In its supporting Memorandum of Law and the accompanying Affidavit of Eric S. Kobrick, AIG was required to submit certain facts, information and documents relating to (or that have been filed in) the pending arbitrations in order to demonstrate that the claims which the Pool Members seek to pursue in this case are within the scope of the applicable arbitration clause and should therefore be stayed. These documents were submitted to the arbitration Panel on a confidential basis and the Court should take reasonable and necessary steps to ensure that this information is maintained on a confidential basis.

5.     Although AIG and the Pool Members were unable to agree upon all provisions of a confidentiality agreement to govern the arbitrations and have therefore submitted competing forms of order to the Panel, AIG and the Pool Members have agreed in the interim to proceed in accordance with the provisions of Form 3.3 of the ARIAS Procedural Rules, which provides in ¶2 that:

> . . .all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing or third parties, the final award or order and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

6.     Paragraph 3 of Form 3.3 of the ARIAS Rules further provides:

> Disclosure of Arbitration Information may be made: . . .(b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award. . .In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed.

7.     Since AIG and the Pool Members have already agreed that information and documents relating to the pending arbitrations should be maintained as confidential, the Court

3

961705v1

should honor that agreement and preserve the confidentiality of the documents and other information submitted by AIG in support of its Motion to Stay Proceedings. This is particularly the case as AIG's position is that this entire matter belongs in arbitration, not in court. Accordingly, in order to maintain the confidentiality of the arbitration proceedings between AIG and the Pool Members, the Court should permit the materials filed by AIG to be placed under seal.

8.     Pursuant to Local District Court Rule 7.2(a), AIG states that the above-referenced materials should be filed and maintained under seal pending further Order of the Court. Since AIG does not know when the Court will consider and rule upon its Motion to Stay Proceedings Pending Arbitration, AIG cannot provide the Court with "a statement of the earliest date on which the impounding order may be lifted." Indeed, in light of the fact the arbitrations between AIG and the Pool Members are ongoing, AIG respectfully submits that it would be appropriate to impound these materials until further the final disposition of this action.

9.     Pursuant to Local District Court Rule 7.2(d), AIG submits that there is good cause to permit it to file this motion to impound simultaneously with the materials to be impounded as this case has only just been removed to this Court and the materials are filed in connection with the removal and AIG's Motion to Stay Proceedings. Accordingly, there was no procedure available to obtain an advance ruling from the Court as to whether the materials should be impounded.

For the reasons stated, AIG respectfully requests that the Court permit the above-referenced materials to be filed under seal pending further Order of the Court.

4

961705v1

**AMERICAN INTERNATIONAL GROUP, INC.**

By its attorneys,

Michael F. Aylward BBO #024850
John T. Harding BBO #221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7558
(617) 342-4888 (facsimile)

Of Counsel:
William A. Maher
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
(212) 382-0050 (facsimile)

Dated: September 9, 2005

## CERTIFICATE OF SERVICE

I, John T. Harding, counsel for Defendant American International Group, hereby certify that on September 9, 2005, I served a copy of the foregoing document by messenger or federal express on all known counsel of record.

John T. Harding

5

961705v1