UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN REINSURANCE COMPANY, *et al.*, <br>         Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC. and TRENWICK AMERICA REINSURANCE CORPORATION, <br>         Defendants. | ) <br> ) <br> ) <br> )   CIVIL ACTION NO: 05-11840-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY MEMORANDUM OF DEFENDANT TRENWICK AMERICA REINSURANCE CORPORATION IN FURTHER SUPPORT OF ITS RENEWED MOTION TO STAY PROCEEDINGS PENDING ARBITRATION**

Defendant Trenwick America Reinsurance Corporation ("Trenwick") respectfully submits this memorandum in further support of its renewed motion to stay these proceedings pending both (a) the arbitration (the "AIG Arbitration") that is currently proceeding between co-defendant American International Group, Inc. on behalf of its member and associated companies (collectively "AIG") and the plaintiffs (the "Pool Members") and (b) any additional arbitration the Pool Members may elect to commence against Trenwick. We write to briefly address several fallacies present in the Pool Members' opposition to defendants' renewed motions to stay (the "Opposition").

First, the Pool Members continue to combine, and thus obfuscate, the separate and distinct standards applicable to (a) whether the Court has subject matter jurisdiction over this dispute (*i.e.*, whether this Court should grant or deny the Pool Members' motion to remand) and (b) whether this Court should grant defendants' renewed motions to stay proceedings pending arbitration. For example, in their latest opposition, the Pool Members state that they "moved to

remand on grounds that Defendants cannot invoke the arbitration clause of the QSA ["Quota Share Agreement"] or participate as parties-in-interest in the AIG Subsidiaries' arbitral proceedings, and thus … cannot invoke … the subject matter jurisdiction of this Court." *See* Feb. 2, 2006 Opposition at 2. As thoroughly explained in both AIG's Memoranda[1] and Trenwick's Memoranda[2], removal of a state court action under 9 U.S.C. § 205 requires only that the "subject matter" of the action "relates to an arbitration agreement … falling under the Convention," *a standard surely met here*. Whether AIG or Trenwick can invoke the arbitration clause of the QSA (which, as both AIG's Memoranda and Trenwick's Memoranda prove, either defendant can), is a question solely related to whether this Court has the power to issue a stay of litigation, not whether this court has subject matter jurisdiction to determine whether it should or should not issue a stay. As defendants already have conclusively established, the Court has jurisdiction over this case.

Second, the Pool Members continue to address the issue of a stay of this litigation as if AIG and Trenwick were one party in interest. The fact remains that AIG and Trenwick are separate defendants and each has independent reasons why a stay of litigation is proper as to it. AIG has the ground, among others, that the very claims alleged against it here are being fought in the pending arbitration. Trenwick has the ground that its agreements with the Pool Members mandate arbitration of disputes that relate to the agreements. Thus, it makes no difference at all

---

[1] "AIG's Memoranda" includes AIG's Memorandum in Support of Its Motion to Stay dated September 9, 2005, AIG's Memorandum in Opposition to Plaintiffs' Motion to Remand and Reply in Support of AIG's Motion to Stay dated November 14, 2005, and AIG's Renewed Motion to Stay Proceedings Pending Arbitration and Opposition to Plaintiffs' Renewed Motion for Remand dated January 19, 2006.

[2] "Trenwick's Memoranda" includes Trenwick's Memorandum in Support of Its Motion to Stay dated September 15, 2005, Trenwick's Memorandum in Opposition to Plaintiffs' Motion to Remand and Reply in Further Support of Trenwick's Motion to Stay dated November 14, 2005, and Trenwick's Memorandum in Support of its Renewed Motion to Stay Proceedings Pending Arbitration and in Opposition to Plaintiffs' Renewed Motion for Remand dated January 19, 2006.

to Trenwick, for example, whether AIG is in the arbitration on its own behalf, on behalf of its affiliates, or others – in any event Trenwick separately has an enforceable arbitration clause and cannot be made to litigate.

To the extent the Pool Members assert any argument why Trenwick cannot enforce the arbitration clause, it seems to be that Trenwick somehow has surrendered its right to arbitrate the claims the Pool Members have alleged in their complaint here because of Trenwick's limited assignment of its collection rights under the QSA to AIG. But the Pool Member do not and cannot point to anything in Trenwick's limited assignment to AIG that extinguished its right to arbitrate with the Pool Members under the QSA. As explained in Trenwick's Memoranda, the Pool Members' efforts to transform a simple assignment of a collection right into an abandonment of an arbitration clause is a remarkable invention, entirely without foundation in fact or law.

Attempting to bolster their fabricated abandonment-of-arbitration argument, the Pool Members argue that "any cooperation by Trenwick in the arbitral proceedings must be obtained by third-party subpoena." *See* Feb. 2, 2006 Opposition at 2. The Pool Members' decision not to assert claims against Trenwick in arbitration, and to proceed instead by subpoena, should be recognized for what it is – their own tactical choice.

Finally, we emphasize what the Pool Members choose to ignore: the issues raised by the Pool Members' allegations here are being arbitrated right now between AIG and the Pool Members. It would be a foolish waste of the resources of the Court and the parties to duplicate those proceedings here.

**CONCLUSION**

For the foregoing reasons and those set forth in AIG's Memoranda and in Trenwick's Memoranda, Trenwick respectfully requests, pursuant to Section 3 of the FAA, this Court enter an Order staying this litigation in favor of the pending arbitration (and any arbitration between Trenwick and the Pool Members should the Pool Members elect to commence such an arbitration).

                                        **TRENWICK AMERICA REINSURANCE CORPORATION**

By its attorneys,

 /s/Eben A. Krim
Mark W. Batten BBO #566211
Eben A. Krim BBO #652506
**PROSKAUER ROSE LLP**
One International Place, 22nd floor
Boston, MA 02210
(617) 526-9700

Of Counsel:

Ronald S. Rauchberg
Margaret A. Dale
David L. Shaul
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
(212) 969-3000


Dated: February 16, 2006

## **CERTIFICATE OF SERVICE**

I, Eben A. Krim, counsel for Defendant Trenwick America Reinsurance Corporation, hereby certify that on February 16, 2006, I caused a copy of the foregoing document to be served by overnight delivery on all known counsel of record.

 /s/ Eben A. Krim   
Eben A. Krim