UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN RE-INSURANCE COMPANY; AMERICAN UNITED LIFE INSURANCE COMPANY; DORINCO REINSURANCE COMPANY; FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY; GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; HARTFORD LIFE INSURANCE COMPANY; HOUSTON CASUALTY COMPANY; JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.); INSURANCE CORPORATION OF HANNOVER; MONUMENTAL LIFE INSURANCE COMPANY; PAN AMERICAN LIFE INSURANCE COMPANY; PHOENIX LIFE INSURANCE COMPANY; RELIANCE STANDARD LIFE INSURANCE COMPANY; RELIASTAR LIFE INSURANCE COMPANY; SUN LIFE ASSURANCE COMPANY OF CANADA; SWISS RE LIFE & HEALTH AMERICA; AND TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,<br><br>                              Plaintiffs,<br><br>          v.<br><br><br>AMERICAN INTERNATIONAL GROUP INC. and TRENWICK AMERICA REINSURANCE CORPORATION,<br><br>                              Defendants | Civil Action No. 05-11840-MLW |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SUPPLEMENTAL AMENDED COMPLAINT**

Plaintiffs American Re, *et al.* (also referred to as the Facility Members) move this Court

pursuant to Fed. R. Civ. P. 15(d) for leave to file the proposed Supplemental Amended

Complaint attached hereto as Exhibit A in the above-captioned case.  In support of this Motion,

Plaintiffs show the Court that there is good cause for allowing Plaintiffs to file their

Supplemental Amended Complaint for the following reasons:

245566

1.     Since the Facility Members filed their Amended Complaint in this matter, events have occurred and facts have come to light which lend further support to the claims made by the Facility Members in the litigation.  These facts include admissions by representatives of AIG Inc. that AIG Inc., intentionally overstated the commutation amount that the subsidiaries of AIG Inc. are seeking to collect from the Facility Members in the related arbitration.  In addition, Christian Milton, the employee of AIG Inc. who "negotiated" the commutation on behalf of AIG Inc., has asserted his Fifth Amendment right against self-incrimination relating to issues that are at specifically at issue in Amended Complaint.  The admissions and the Fifth Amendment invocation are directly relevant to the following claims brought by the Facility Members in their Amended Complaint: Count I (Chapter 93A Claim), Count II (Common Law Fraud), Count III (Civil Conspiracy), Count IV (Aiding and Abetting Breach of Fiduciary Duty), Count V (Tortious Interference with Contractual Relations), and Count VII (Conversion).

2.     The only substantive changes[1] to the Amended Complaint are the addition of paragraphs 95 and 98 of the proposed Supplemental Amended Complaint, with deal specifically with the events occurring subsequent to the filing of the Amended Complaint.

3.     As further discussed in the memorandum of law submitted in support of this Motion, Massachusetts allows parties to supplement pleadings under Mass.R.Civ.P. 15(d) unless there is good reason to deny those motions.  *See, e.g.*, *Micron Tech., Inc.* v. *Rambus, Inc.*, 409 F.Supp. 2d 552, 558 (D.Del 2006); *Hanover Ins. Co.* v. *Penn-America Ins. Co.*, 12 Mass.L.Rptr. 443, 2000 WL 33171001, *3 (Mass.Super. 2000).

---

[1] Plaintiffs have also made minor corrections to other paragraphs, principally in tense, to bring the complaint current; however as indicated, these are not substantive.

4.    Because the facts that are the basis for the supplementation of the pleading are directly relevant, and support, the claims made by the Facility Members, there is no bad faith on the part of the Facility Members in supplementing the Complaint.

5.    Since discovery has yet even to commence, neither AIG Inc. nor Trenwick will suffer any material prejudice if the Court allows the Facility Members to file its Supplemental Complaint.  Moreover, the Supplemental Complaint does not change the claims brought against AIG Inc. and Trenwick and only updates the allegations to account for facts that have occurred or come to light since the Amended Complaint was filed.  Notwithstanding these new facts, AIG Inc. and Trenwick have been on notice of the basis of the claims and the facts supporting those claims since the Facility Members filed their original Complaint on July 5, 2005.


WHEREFORE, the Facility Members respectfully requests that the Court allow its motion for leave to file the Supplemental Amended Complaint (Exhibit A) in this case.


AMERICAN REINSURANCE COMPANY

By its attorneys,


___/s/Steven L. Schreckinger_____
Steven L. Schreckinger (BBO No. 447100)
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street
Boston, MA 02110
(617) 951-0800

Dated: August 30, 2006

LOVELLS
Joseph T. McCullough, IV
Robin C. Dusek
One IBM Plaza, Suite 1900
330 North Wabash Avenue
Chicago, Illinois 60611
(312) 832-4400