UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN RE-INSURANCE COMPANY; AMERICAN UNITED LIFE INSURANCE COMPANY; DORINCO REINSURANCE COMPANY; FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY; GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; HARTFORD LIFE INSURANCE COMPANY; HOUSTON CASUALTY COMPANY; JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.); INSURANCE CORPORATION OF HANNOVER; MONUMENTAL LIFE INSURANCE COMPANY; PAN AMERICAN LIFE INSURANCE COMPANY; PHOENIX LIFE INSURANCE COMPANY; RELIANCE STANDARD LIFE INSURANCE COMPANY; RELIASTAR LIFE INSURANCE COMPANY; SUN LIFE ASSURANCE COMPANY OF CANADA; SWISS RE LIFE & HEALTH AMERICA; AND TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,<br>                    Plaintiffs,<br>v.<br><br>AMERICAN INTERNATIONAL GROUP INC. and TRENWICK AMERICA REINSURANCE CORPORATION,<br>                    Defendants | Civil Action No. 05-11840-MLW |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE A SUPPLEMENTAL AMENDED COMPLAINT**

Plaintiffs American Re-Insurance Company, *et al.* ("Facility Members") respectfully submit this memorandum of law in support of its Motion for Leave to File a Supplemental Complaint.

## PRELIMINARY STATEMENT

Since Facility Members filed their Amended Complaint on December 30, 2005, the facts relating to this dispute have materially changed. On March 13, 2006, the subsidiary companies of AIG Inc. admitted in the pending arbitration that they could not continue asking the Facility Members to support their respective shares of a $73.4 million commutation price because the $73.4 million price was not only based on faulty information (that the Facility Members were responsible for a larger share of the future losses than they are contractually required to support), but also that, in calculating the commutation amount, the actuaries working for AIG Inc. miscalculated the percentage of total losses that were attributable to reinsured layers.

More specifically, Christian Milton, an executive of AIG Inc., calculated the commutation amount in a way that was improper and not supported by any actuarial or other calculations. Finally, the Facility Members also learned during discovery in the arbitration that, not only did Mr. Milton use improper and unsound calculations, but the actuaries working for AIG Inc. and calculating the future liability in the form of IBNR, also factored in their own improper assumptions.

Prior to learning this, the Facility Members received a signed affidavit from Milton invoking his Fifth Amendment right against self-incrimination specifically relating to the commutation that is the basis of the Facility Members' Complaint.

Accordingly, the Facility Members have added to their Amended Complaint these recently revealed facts detailing the above issues and have tied those facts to the claims that have previously been brought by the Facility Members in the complaint. These facts are clearly relevant to the Facility Members' assertions in the litigation that AIG Inc. itself acted improperly and with a design to aid its own interests and these facts should be part of the complaint now that these facts have come to light.

## ARGUMENT

As discussed in detail below, the Facility Members' motion is proper and neither AIG Inc. nor Trenwick will suffer any material prejudice if the Court allows the Facility Members' leave to file its Second Amended Complaint.

### A.  LEAVE TO FILE A SUPPLEMENTAL PLEADING IS REGULARLY AWARDED

As the Court is well aware, Federal Rule of Civil Procedure 15(d) states that leave may be given to file a supplemental pleading where the party gives reasonable notice and justice requires a court may grant permission to a party to supplement a pleading with "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed..R.Civ.P. 15(d).  Under the Federal Rules, courts regularly grant leave to file supplemental pleadings as a matter of course where new facts have occurred and where such filing causes no undue delay or prejudice. *See, e.g., Micron Tech., Inc. v Rambus Inc.*, 409 F. Supp.2d 552, 558 (D.Del. 2006); *Breyette v. Amedore*, 205 F.R.D. 416, 418 (N.D.N.Y. 2002).

### B.  THE ADDITIONAL FACTS THAT HAVE OCCURRED AND BEEN REVEALED SINCE THE FACILITY MEMBERS FILED THEIR AMENDED COMPLAINT MATERIALLY IMPACT THE FACILITY MEMBERS CLAIMS

The events that have occurred since the Amended Complaint filed on December 30, 2005 and the information learned by the Facility Members materially and directly impacts the basis and support for the Facility Members claims in this case. The admissions by AIG Inc. prove that the commutation and subsequent demands against the Facility Members were never supported by the actual liabilities. These admissions also support an inference that actuarial work papers were withheld from the Facility Members by AIG Inc. so that AIG Inc. could improperly inflate the

commutation amount. Moreover, the negative inference which may be properly drawn from Milton's affidavit supports the Facility Members' claims that AIG Inc. knowingly acted fraudulently when it passed on the inflated claims to the Facility Members.

Finally, the materiality of the new facts dispels any notions that the Facility Members decision to supplement the complaint is being done for any improper reasons. Quite simply, the Facility Members believe that the Court should be as up to date with the pending facts as the parties are.

### C. NEITHER AIG INC. NOR TRENWICK WILL BE PREJUDICED BY THE FACILITY MEMBERS' MOTION

There is no prejudice that either Trenwick or AIG Inc. will face if the Facility Members are allowed to file a supplemental Complaint. Because the defendants have yet to answer the Facility Members Complaint, the defendants cannot claim that they will have to conduct additional discovery, suffer delay or expend additional resources to respond to the new facts. Moreover, both Trenwick and AIG Inc. are aware of the facts that have transpired and have been on notice since the original Complaint was filed as to the bases for the Facility Members complaint.

## CONCLUSION

For all the foregoing reasons, the Facility Members respectfully request that the Court grant their Motion for Leave to File a Supplemental Complaint.

                    AMERICAN REINSURANCE COMPANY

                    By its attorneys,

                    /s/Steven L. Schreckinger
                    Steven L. Schreckinger (BBO No. 447100)
                    Lynch, Brewer, Hoffman & Fink, LLP
                    101 Federal Street
                    Boston, MA 02110
                    (617) 951-0800

Dated: August 30, 2006

                    LOVELLS
                    Joseph T. McCullough, IV
                    Robin C. Dusek
                    One IBM Plaza, Suite 1900
                    330 North Wabash Avenue
                    Chicago, Illinois 60611
                    (312) 832-4400